**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALLEN MCMILLIN** **CIVIL ACTION**

**VERSUS** **No. 07-1149**

**MICHAEL BREEN** **SECTION: I/1**

## ORDER AND REASONS

The matter before the Court is a motion to remand filed on behalf of plaintiff, Allen McMillin. Defendant in this matter is Michael Breen. For the following reasons, plaintiff's motion to remand is **GRANTED.**

## *BACKGROUND*

The present case stems from a previous lawsuit in Tangipahoa Parish district court brought by plaintiff to recover for injuries on defendant's premises that rendered plaintiff a quadriplegic.[1] On July 26, 2004, plaintiff received a default judgment in that lawsuit against defendant in the amount of $8,585,235.53.[2] The judgment was affirmed on appeal and it is now final.[3] On January 11, 2007, plaintiff filed a petition to make the judgment executory

[1]Rec. Doc. No. 4-2, p. 2.

[2]Rec. Doc. No. 1-2, p. 2.

[3]*Mcmillin v. Breen*, 925 So. 2d 776 (La. Ct. App. 1st Cir. 2006), *reh'g denied*, 933 So. 2d 258 (La. Ct. App. 1st Cir. 2006), *cert. denied*, 941 So. 2d 41 (La. 2006), *reconsideration denied*, 948 So. 2d 115 (La. 2007).

and for writ of fieri facias in Tangipahoa Parish district court.[4]

Defendant filed his notice of removal on March 2, 2007, contending this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Plaintiff filed his motion to remand on March 14, 2007.[6]

***LAW AND ANALYSIS***

**I. Standard of Law**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a

[4]Rec. Doc. No. 1-2.

[5] Rec. Doc. No. 1-1, p. 1.

[6] Rec. Doc. No. 8-1.

heavy burden.”). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

**II. Analysis**

**A. Motion to Remand**

Plaintiff asserts that this matter must be remanded pursuant to the exception to removal jurisdiction articulated in *Barrow v. Hunton*, 99 U.S. 80 (1878).[7] In *Barrow*, the U.S. Supreme Court held:

> The question presented with regard to the jurisdiction of the Circuit Court is, whether the proceeding to procure nullity of the former judgment in such a case as the present is or is not in its nature a separate suit, or whether it is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it. If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal, it would belong to the latter category, and the United States court could not properly entertain jurisdiction of the case. Otherwise, the Circuit Courts of the United States would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different States. Such a result would be totally inadmissible.

*Id.* at 82-83. The Fifth Circuit has since affirmed and clarified the role of *Barrow* in contemporary federal jurisdiction jurisprudence: “As modern case law makes clear, the *Barrow* rule

[7]Plaintiff does not challenge the diversity of citizenship among the parties or satisfaction of the amount in controversy requirement.

applies only when an action in federal court seeks to nullify or to enforce the judgment of a *prior* state court suit." *Beighley v. F.D.I.C.*, 868 F.2d 776, 781 (5th Cir. 1989), *superceded by statute on other grounds as stated by Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n.14 (5th Cir. 2003) (citing *Dendinger v. First Nat'l Corp.*, 16 F.3d 99 (5th Cir. 1994) (noting that when *Beighley* was decided, 12 U.S.C. § 1823(e) did not apply to the FDIC in its receiver capacity)).

In *Taylor v. Taylor*, this Court held that the *Barrow* rule necessitated remand in a case strikingly similar to the present. No. 01-1886, 2001 WL 1491026 (E.D. La. Nov. 21, 2001) (Berrigan, J.). In *Taylor*, the plaintiff had received a final state court judgment in Vernon Parish, and filed a petition in Orleans Parish district court to make the judgment executory.[8] The defendant removed that petition to federal court and sought a "stay" of the state court judgment and of the order of the civil district court issuing a writ of fieri facias, as well as other related relief. *Id.* at *1. Defendant alleged that the state court judgment violated her due process rights. *Id.* Pursuant to *Barrow* and *Beighley*, the Court held that the matter must be remanded to state court. *Id.* at *2.

Like *Taylor*, defendant has removed a state court petition that seeks to execute a final prior state court judgment. Like *Taylor*,

[8]Case No. 01-1886, Rec. Doc. No. 1, p. 16.

defendant argues that his due process rights were violated in the state court judgment proceedings.[9] And like *Taylor*, this Court is bound to conclude that remand is required. Pursuant to *Barrow* and *Beighley*, this Court lacks jurisdiction over this removed lawsuit which seeks to enforce a prior state court judgment.[10] The cases cited by defendant are distinguishable.

**B. Fees and Sanctions**

In his motion to remand, plaintiff requests attorney's fees and costs for defendant's improper removal pursuant to 28 U.S.C. § 1447(c).[11] The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart*

---

[9]Rec. Doc. No. 9, p. 13.

[10]The Court notes that any defenses or counterclaims that defendant may raise are not a basis for federal removal jurisdiction over this matter. *See generally*, *M, G & B Services, Inc. v. Buras*, No. 04-1509, 2004 WL 1872718, at *1 (E.D. La. Aug. 19, 2004) (Vance, J.) (stating that a federal question arising in defense of the plaintiff's allegations or in a counterclaim is insufficient to establish removal jurisdiction). Despite defendant's purported defenses, this case remains what it is, namely an action to enforce a prior final state court judgment.

[11]Rec. Doc. No. 4, p. 3.

*Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiff's request for attorney's fees and costs.

Conversely, defendant has moved for Rule 11 sanctions against plaintiff's counsel on two grounds: (1) that his substantive legal argument regarding whether this matter has been properly removed is "completely without merit, and has absolutely no basis in law or fact," and (2) that's plaintiff's request for attorney's fees and costs is based on the wholly unsupported assertion that the removal was primarily a tactic to postpone the judicial sale of defendant's property.[12]

Defendant has failed to comply with the requirements for filing a motion pursuant to Rule 11. A motion for sanctions under Rule 11 "shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). "It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged ... claim ... is not withdrawn or appropriately corrected." *Id.* Defendant's request for sanctions was not set out in a separate motion, but was combined with its oppisition to the motion to remand. Further, defendant has not complied with the "safe harbor" provision of the Rule by serving its request for sanctions 21 days before filing with the Court. "The 'safe harbor'

[12]Rec. Doc. No. 9, p. 13.

provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). For these reasons, defendant's request will be denied.

Insofar as defendant is requesting that the Court impose sanctions on its own initiative as envisioned by Rule 11(c)(1)(B), that request is also denied. The Fifth Circuit has held that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Id.* at 217 (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). Defendant has shown no evidence of plaintiff counsel's bad faith and the Court finds none; therefore, the Court declines to exercise its power to assess sanctions.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[13] is **GRANTED** and the case is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs, and defendant's request for Rule 11 sanctions, are **DENIED**.

New Orleans, Louisiana, April 5th, 2007.

---

[13]Rec. Doc. No. 4.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE